In The United States District Court
For The Western District of Pennsylvania

**RECEIVED**
MAY 14 2019
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Leonard Young,
Eric L. Farrar Jr.
(Class Action) Plaintiff's

Civil Action No. 19-569

V.

Complaint

Allegheny County Jail, Deputy Laura K. Williams, Major Smith
(Sued in Personal, Individual, and Official Capacity)

Jury Trial Demand
Imminent Danger Claim
Deteriorating Conditions Claim
ADR Mediation Requested

## I. Jurisdiction & Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States, the court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiffs seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and rule 65 of the federal rules of civil procedure. PLAINTIFFS CLASS ACTION IS PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2. The Western District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim.

## II. Plaintiffs

(Page 1)

3. Plaintiffs is and was at all times mentioned herein a Pre-trial detainee in the costody of the department of corrections. Plaintiffs are currently confined in the (ACJ) Allegheny County Jail, in Pittsburgh, PA.

## III. Defendants

4. Defendant, Deputy Laura K. Williams is the deputy of the (ACJ) Allegheny County Jail, She is legally responsible for the operation of the (ACJ) and for the welfare of all inmates of that Jail.

5. Defendant, Major Smith is an officer of the (ACJ) who at all times mentioned in this complaint, held the rank of major and was assigned to the (DHU) Disiplanary housing unit, and is directlly in charge of the welfare of all the inmates, as well as all restrictions, in the Allegheny County Jail. Both defendants acted under color of state law with malious and sadistic intent.

## IV. Facts of Plaintiff Young

6. At all times mentioned herein relevant to this case, Plaintiffs were held in the (DHU) Displanary housing unit at the Allegheny County Jail.

7. Plaintiff, Leonard Young, from on/or about Feburary 7th 2019 until Present (ongoing even now) has been held on a restriction for recreation so that he can not leave his cell but to shower

(Page 2)

3x's a week. His recreation restriction goes to June 18th 2019 at present time.

8. Plaintiff has at least two (2) face-to-face conversations with defendant Williams about recreation restriction and was told on these occasions "to improve your behavior and stop fishing and disrespecting staff."

9. Plaintiff on these two occasions notified defendant Williams that recreation is a right not a privilege and that plaintiff was suffering pain from constant migrains, numbness in limbs, nausea, sleep deprivation, sickness from lack of exercise and fresh air. Plaintiff was told to see medical in which did get tylenol and excedrin pain medication, and to learn to act appropriately by defendant Williams.

10. Plaintiff asserts and admits to disrespect to staff, fishing out of cell etc.... But asserts that he did not violate any recreation rules that warrent denial of recreation rights.

11. Plaintiff asserts only a major or higher can approve a recreation according to the (ACS) Policy and rules. Defendant Williams has signed at least two (2) seperate recreations for restrictions for reasons that have/has nothing to do with recreation at all and uses said restrictions as a means to punish plaintiff for remedial infractions of rules knowingly and with malious intent.

(Page 3)

12. Defendant Williams has told both Plaintiffs that she will continue to use Plaintiffs recreations as a means to gain compliance and to follow all rules of the institution.

13. Plaintiff is held in a cell with three (3) bright lights on for at least 16 hours a day per both defendants orders without access to rec or fresh air thats causing a drastic pain and suffering as well as detoriating condititions. Plaintiff has recreation restriction until June 18th 2019. (about 5 months - total without exercise/fresh air.)

14. Plaintiff spoke to defendant Smith about restriction for recreation at least (8) eight times and was told "Your Priviledge for recreation is approved by myself or a deputy. When your behaviors approve we will look into taking you off but not until you follow all of the rules.

15. Plaintiff notified defendant Smith of recreation being a right not a Priviledge and was told thats what you believe and myself and depty Williams say it's a Priviledge.

16. When Plaintiff notified defendant Smith of pain and suffering due to long term lack of fresh air and constant lighting in cell without exercise he was told by defendant Smith, maintain good behaviors and use medical sickcall with a smile on defendant Smith's face.

17. Plaintiff asserts that he is a pre-trial detainee and that his right to recreation is being used by defendants as a punishment and

(Page 4)

cause pain and suffering due to Plaintiff breaking small rules in the institution such as fishing out cell, disrespect towards staff, etc... and has zero to do with any recreation denial.

18. Plaintiff even with medications is still suffering from lack of exercise and fresh air and notified both defendants of pain and to let plaintiff exercise rights to exercise to which they both smile and laugh and say learn how to follow the rules and you wont be in pain.

19. During (PRC) Program review commitee, Plaintiff again complained to defendant Smith and was told to use medical for Pain issue and maintain good behaviors.

20. Due to the long period of denial of out of cell recreation Plaintiffs mental illness has excellerated and has become a detoriating condition.

21. Both Plaintiffs are diagnosed with (PTSD) Post tramatic stress disorder and has now had to get medication adjustments in higher doses do to both defendants deliberate indifference to their serious medical needs to deal with mental health issues.

22. When Plaintiff told both defendants of the effects of long term confinement without cell recreation both defendants response was see mental health and learn to behave because you will be on these restrictions until you show good behavior.

(page 5)

23. Mental health staff fixed both Plaintiff's medication to assist them in their symptoms but stated that it is up to the major or deputy (Defendants) to change or modify restrictions which Plaintiffs agree to mental health not being involved in custody (Defendants) lack of care for their mental illness and/or access to recreation and/or direct sunlight, fresh air, and exercise.

### Plaintiff FARRAR's Facts

24. Plaintiff, ERIC L. FARRAR JR., has been held on a recreation restriction for about (4) months and still ongoing so he is not able to leave his cell but only to shower. PLAINTIFF HAS BEEN ON RECREATION RESTRICTION SINCE JANUARY 1ST 2019 AND TILL PRESENT (ONGOING).

25. Plaintiff has had at least (2) face-to-face conversations with defendant Williams and about (3) face-to-face conversations with defendant Smith in regards of his recreation privledges and was told by both defendant to stop fishing out his cell or he will remain on recreation restriction until further notice.

26. Plaintiff has informed both defendants of multiple gun shot wound he recieved on January of 2018 and need to exercise because due to his body cramping from lack of exercise and was told "thats not my problem, stop fishing and you'll have all the exercise you need but until then it sucks to be you" by defendant Smith.

27. When Plaintiff spoke with defendant Williams about recreation restriction and the amount of pain he has been experiencing due to lack of exercise, she informed him to stop breaking the rules and he'll get exercise.

(Page 6)

28. Plaintiff informed both defendants williams and Smith that recreation is a right and not a privledge and that their actions are causing plaintiff pain, suffering, and emotional distress and that his fishing out the cell has nothing to do with recreation, and defendant william stated that "it is what she says it is".

29. Plaintiff notified defendant williams that these actions are causing him stiffness, soreness, sickness in his body from the lack of exercise and fresh air and that the denial of recreation is effecting his mental state tramendously and asked that she put a end to this crule and unusual punishment and she stated "not until you follow the rules and stop fishing out the cell".

30. Plaintiff stated that he has broken no recreation rule to recieve this kind of punishment and defendants are using recreation restrictions with malias intent and causing plaintiff pain, suffering, and emotional desstress and emotional injury. PLAINTIFF SUFFERS FROM (PTSD) POST TRAMATIC STRESS DISORDER.

31. Both defendants were notified by plaintiff of his mental and health issues and how their actions of recreation restriction is effecting his mental state and health concerns drashcly, and both defendants stated that plaintiff will remain on recreation restriction until he follows all the rules and improve his behaviors.

## IV. Exhaustion of legal remedys

31. Both plaintiffs used complaint system to try and solve the problems stated in this complaint. on April 15th 2019 both plaintiffs

(page 7)

filed Complaint (see attached). On April 16th 2019 a response was sent back during the complaint by defendants with a verbal word that Plaintiffs can not appeal on complaint restriction from major or debty, that only (PRC) can take it off. Plaintiffs therefore has no adequate remedy under law to use Complaint system for this issue.

32. The Allegheny county Jail inmate complaint system prohibits filing on issues on disiplanary proceeding/actions. Therefore defendants own Policy waives all exosting proceedings for all issues mentioned herein as they are beyond the inmate Complaint issue. Both above Plaintiff's submitted Exibit 1 and Exibit 2. That was returned unanswered as per Policy that these issues can not be filed on inmate complaint form.

## VI. Legal Claims

33. Plaintiffs reallege and incorporate by reference Paragraphs 1-32

34. Both defendants used excessive force agianst each Plaintiff by denying recreation rights for months as a means to punish and/or humiliate, when Plaintiffs did nothing to violate any recreation rules. Defendants actions violated Plaintiffs first, fifth, and fourthteenth amendment to the united states constitution, and caused each Plaintiff Pain, Suffering, Physical injury and emotional distress.

35. Both defendants violated Plaintiffs 1st, 5th, 14th amendment rights by denying each Plaintiff the right to seek redress through the Jail

(Page 8)

Complaint system or having an appeal process for restriction to their rights that were taken away. These illegal actions has caused both Plaintiffs pain, suffering, physical injury and emotional distress.

36. Both defendants used and continue to use excessive force, and fail to correct the misconduct, and encourage the continuation of misconduct, violating both Plaintiffs fourthteenth amendment as well as uses deliberate indifference to punish with cruel and unusual punishment with sadistic and malious intent, causing excessive pain and suffering.

37. Both defendants violate Plaintiffs rights to exercise under Pierce v. County of Orange, 526 F.3d 1190 (9th Cir. 2008) as well as Allegheny County Jail policy that all restriction must relate to the charges and not exceed 5 days.

38. The Allegheny County Jail (ACJ) has a set rule/policy that a prisoner can not appeal or file a complaint for restrictions so therefore violates both Plaintiffs first, fifth, and fourthteenth amendment of the constitution to seek redress from jail through inmate complaint system, and is causing both Plaintiffs pain, suffering, and injury with sadistick and malious intent.

39. Plaintiffs has no plain, adequate or complete remedy at law to redress wrongs herein. Both Plaintiffs has been and continues to be injured by conduct of defendants unless court grant relief which both Plaintiffs seek.

## VII. Prayer For Relief

WHEREFORE, Plaintiff respectfully Pray that this court enters Judgement:

39. Granting a declaration that the acts and omissions described herein violate their rights under the constitution and laws of the united States, and

40. A Preliminary Permanent injunction ordering defendants to cease their use of recreation restriction and,

41. Granting both Plaintiffs compensatory damages in the amount of $80,000 each, against each defendant jointly and severally.

42. Both Plaintiffs Seek Punitive damages in the amount of $40,000 each against each defendant jointly and severally.

43. Both Plaintiffs seek a Jury trial on all issues triable by jury,

44. Both Plaintiffs also seek recovery in the cost in this suit, and

45. Any additional relief this court deem just, proper, and equitable.

Dated: April 29, 2019

Respectfully Submitted,

ERIC L. FARRAR JR  # 171063            Leonard Yerich

x _signature_                           x _signature_

(Page 10)

950 Second Ave.
Pittsburgh PA 15219

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.
Executed at Pittsburgh, PA. 15219

ERIC L. FARRAR JR                                DATED: APRIL 22nd 2019

X _____

X LEONARD YOUNG

(Page 11)

CERTIFICATE OF SERVICE

I, LEONARD YANK, ERIC L. FARRAR JR. HEREBY ATTEST THAT A TRUE AND CORRECT COPY OF BELOW ATTACHMENT'S WERE SENT VIA 1ST CLASS MAIL TO THE FOLLOWING:

(1) CLERK OF COURTS
WESTERN DISTRICT
700 GRANT ST. RM 3110
PITTSBURGH PA. 15219

APRIL 22ND, 2019
By: X LEONARD YANK
X [signature]

ATTACHMENTS
- EXHIBIT A & B (1&2)          X ERIC L. FARRAR JR
- COPY OF CLASS ACTION COMPLAINT   X [signature]
- 2 COPY OF U.S. MARSHALL SERVICE FORMS
- 2 WAIVERS OF ...              950 SECOND AVE.
- 2 SUMMONS OF ...              PITTSBURGH PA. 15219
- 1 IN FORMA PAUPER MOTION FROM
PLAINTIFF YANK
- MOTION FOR APPOINTMENT OF COUNSEL
- 1 CONSENT TO JURY ELECTION